IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

DONALD D. PARKELL,

    *Plaintiff,*

    v.

PHILLIP MORGAN, *et al.*,

    *Defendants.*

No. 1:12-cv-01304-SB

---

Jared T. Green, SEITZ, VAN OGTROP & GREEN, P.A., Wilmington, Delaware.

*Counsel for Plaintiff.*

Nicholas D. Picollelli, Jr., DELAWARE DEPARTMENT OF JUSTICE, DEFENSIVE LITIGATION UNIT, Wilmington, Delaware.

*Counsel for Defendants.*

---

#### MEMORANDUM OPINION

September 28, 2023

---

BIBAS, *Circuit Judge*, sitting by designation.

    Deadlines matter. And though courts can grant extensions for good cause, cases cannot remain in stasis forever.

Donald Parkell makes various claims about his treatment when he was in jail. But he has been largely unresponsive and absent in litigating these claims. Though his counsel has diligently tried to move his case forward, he cannot do so without Mr. Parkell's cooperation. Mr. Parkell has now missed the deadline for fact discovery, despite years of extensions and warnings. So I grant with prejudice Defendants' motion to dismiss his claims for failure to prosecute.

## I. THE COURT HAS GIVEN MR. PARKELL EXTRAORDINARY LEEWAY

This case has a long history. In 2012, Donald Parkell brought several claims related to his pretrial detention. This Court dismissed most of his claims as frivolous and then granted summary judgment on the rest. On appeal, the Third Circuit concluded that Mr. Parkell had sufficiently alleged several of these claims and vacated their dismissals. *Parkell v. Morgan*, 682 F. App'x 155, 158–59 (3d Cir. 2017) (per curiam). In 2017, this Court reopened the case on remand.

Since then, progress has ground to a halt. Following many stays, revised scheduling orders, and deadline extensions, the case was reassigned to me in March 2022. A month later, I received a letter from Mr. Parkell's court-appointed counsel, Jared Green. Mr. Green explained that he had been having "extreme difficulty getting in contact with Mr. Parkell" because Mr. Parkell had been "in and out of various rehabilitation centers." D.I. 155. So Mr. Green (despite his best efforts) could not respond to Defendants' discovery requests and move this case along. Recognizing these challenges, I stayed the case for two months. I then moved the discovery deadline to January 2023 and the trial to fall 2023.

In August 2022, Defendants served Mr. Parkell with their First Set of Interrogatories and Requests for Production. But he was still unresponsive. So two months later, Mr. Green moved to withdraw as his lawyer. Mr. Green explained that throughout 2022, Mr. Parkell "ha[d] been either missing with no update to counsel, completely nonresponsive, or dismissive of counsel's requests for assistance with the prosecution of this matter." D.I. 165. And when Mr. Green gave Mr. Parkell discovery documents to complete or assist with, he failed to do so, "despite weekly and, at times, daily reminders." *Id.*

I scheduled a hearing on this motion for October 28. Mr. Parkell appeared, explained that he was struggling with his mental health, and told me he would try to remain in contact with Mr. Green and to actively litigate his claims. So I gave him another chance and held the motion to withdraw in abeyance. But I warned him that if he did not resume active contact with Mr. Green, I would grant the motion to withdraw "before the end of the calendar year." D.I. 179, at 48–49.

On January 10, 2023, Mr. Green informed me that, despite repeated efforts to contact Mr. Parkell, he had been unreachable since the October hearing. Mr. Green also informed me that Mr. Parkell had been incarcerated again a few days earlier. Despite my previous warning, I opted to give Mr. Parkell leeway yet again. I told him he had one last chance to "resume active contact with Mr. Green by January 31," otherwise I would grant the motion and "begin the process to dismiss for failure to prosecute." D.I. 185.

On January 17, Mr. Green got a handwritten letter from Mr. Parkell stating that he would be "out on bail soon" and would "sit with [Mr. Green] in the near future to go over everything." D.I. 186 (internal quotation marks omitted). Because of this letter, I gave Mr. Parkell more time and urged him to "resume contact with Mr. Green no later than March 3." D.I. 187. And again I warned him of the consequences if he did not.

In April, the parties informed me that Mr. Parkell had resumed contact and was ready to move the case forward. I again extended the case's deadlines, moving fact discovery to September 15 and dispositive motions to November 17. But the summer came and went with no discernible progress.

In late August, Mr. Green informed me that, once again, Mr. Parkell had gone radio silent. He explained that his last real contact with Mr. Parkell was in May. He added that Mr. Parkell had provided no "genuine assistance" in responding to Defendants' discovery requests, which could not be completed without his help. D.I. 192.

Despite Mr. Green's best efforts, he could not reach Mr. Parkell. He had tried to contact Mr. Parkell for several weeks using every cell phone number he had for him. He had contacted Mr. Parkell's mother, who told him she had not seen or heard from her son in weeks. And when Mr. Parkell finally left Mr. Green a voicemail, telling him to text him, Mr. Green had immediately texted him back but never got a response.

So on September 6, I held a discovery conference because over one year had passed and because Mr. Parkell still had not responded to Defendants' Interrogatories.

During the conference, Mr. Green confirmed that his communication with Mr. Parkell had not improved and that he had not cooperated in developing responses to the discovery requests. This Court texted and called Mr. Parkell to inform him that the September 15 fact discovery deadline remained in place and would not be extended. The Court warned him that if he did not submit substantive discovery responses by then, I would grant the motion to withdraw and would dismiss the case for failure to prosecute. On the phone call, he confirmed that he understood and would work with Mr. Green to meet the deadline.

The day before the deadline, Mr. Green notified me that he was scheduled to meet Mr. Parkell earlier that week, but Mr. Parkell had not shown up or responded to text messages. Mr. Green contacted Mr. Parkell's mother, who told him that she had gotten a message from an unknown, alleged friend of Mr. Parkell's who said that Mr. Parkell had been pulled over by the police. But because of the many extensions and repeated warnings I have given Mr. Parkell, I declined to extend the deadline any further. Now, September 15 has come and gone—and we still have no discovery responses from him. So I consider Defendants' motion to dismiss for lack of prosecution.

## II. MR. PARKELL HAS FAILED TO PROSECUTE HIS CASE

"If the plaintiff fails to prosecute … a defendant may move to dismiss the action…." FED. R. CIV. P. 41(b). And though it "is an extreme sanction that should only be used in limited circumstances, dismissal is appropriate if a party fails to prosecute the action." *Lane v. Hundley*, 319 F.R.D. 478, 479 (D. Del. 2017).

In deciding whether to dismiss for failure to prosecute, I consider the six *Poulis* factors: "(1) the extent of the party's personal responsibility; (2) the prejudice to the

adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal…; and (6) the meritoriousness of the claim or defense." *Id.* (citing *Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984)). But I need not find that every factor weighs against Mr. Parkell to dismiss this case. *Id.* (citing *Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002)). And here, the balance is clear: almost every factor points towards dismissal.

*First*, Mr. Parkell's counsel has more than adequately performed his duties. He repeatedly attempted to contact Mr. Parkell. He consistently tried to track down his whereabouts. He gave him weekly and even daily reminders to complete discovery responses. And he actively tried to move this case forward in Mr. Parkell's prolonged absences. The Court also provided Mr. Parkell with repeated reminders of the deadlines and warnings of the consequences of failing to meet them. The Court sent letters, called, and even texted Mr. Parkell and his mother multiple times to ensure he was properly notified and understood his obligations. All to no avail. So the responsibility falls squarely on Mr. Parkell.

*Second*, Defendants are prejudiced here. Prejudice occurs when a plaintiff's unresponsiveness "impedes defendant[s'] ability to prepare a trial strategy or otherwise resolve the dispute." *Id.* Mr. Parkell has failed to respond to Defendants' initial discovery requests for more than a year. Without his response, they cannot begin trial preparation or even learn the details and merits of his claims. It is unfair to keep

6

Defendants on tenterhooks during further extensions in hopes that Mr. Parkell will finally respond to their discovery requests.

*Third*, Mr. Parkell has consistently failed to move this case forward. It is now almost eleven years old. And it has been more than six years since it was reopened. This Court has granted numerous extensions and revisions to scheduling orders. But each led only to Mr. Parkell's continued failure to communicate with his counsel. He has shown a pattern of "dilatoriness" over several years. And he has shown me no sign that this pattern will change.

*Fourth*, Mr. Parkell's behavior suggests at least recklessness, if not willfulness. Despite repeatedly assuring this Court that he would comply with deadlines and would resume active contact with his counsel, he did not. He told the Court that he understood that the September 15 discovery deadline was firm. And he confirmed that he would work with Mr. Green to meet it. But then he missed his meeting with Mr. Green, did not respond to attempts to reach him, and missed the discovery deadline.

This kind of behavior has happened too often over the lifespan of this case. Although I hesitate to conclude that he was acting in bad faith, Mr. Parkell was certainly more than just negligent. Based on my observation of Mr. Parkell at the October 2022 hearing and his responses to my questions, I find that he has at least been reckless, if not willful, in failing to move this case forward. I do not believe that all or most of the delays are due to his ill health, custody, or circumstances beyond his control. Though this factor does not favor dismissal, neither does it weigh against it.

*Fifth*, monetary sanctions would be ineffective because Mr. Parkell filed this suit pro se and now has court-appointed counsel. *Id.* at 480.

*Sixth*, given the lack of substantial discovery in the case, I cannot assess the merits of Mr. Parkell's claims. So this factor weighs neither for nor against him.

Because not one factor points in the other direction, dismissal for failure to prosecute is warranted here. But I do not take this step lightly. Mr. Parkell—a serial litigant before this Court—has had every opportunity to press his claims. I have extended deadlines, stayed litigation, held his counsel's motion to withdraw in abeyance, and used every reasonable method to contact him.

I am sympathetic to the challenges Mr. Parkell has faced being in and out of custody and struggling with his mental health. But the pattern of delays is too protracted to blame on either issue. I see no viable path forward for this case. Mr. Parkell has shown no signs of actively litigating it, and I cannot grant extensions forever. So dismissal is the only appropriate response.

\* \* \* \* \*

Mr. Parkell has—for many years—failed to prosecute his claims. This Court has given him more than a fair chance to move his case forward. But he has not. So I grant with prejudice Defendants' motion to dismiss for failure to prosecute, and I grant Mr. Green's motion to withdraw from this case as Mr. Parkell's counsel. I also thank Mr. Green for his patient service as an officer of this Court.